UNITED STATES of America,
Plaintiff,

v.

OBSCENE MAGAZINES, Defendants,
Robin F. Garrett, Claimant.

No. CV 74–1331–AAH.

United States District Court,
C. D. California.

Oct. 1, 1974.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Chief of Civil Div., by James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Claimant in pro per.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

The above-captioned cause came on regularly for Pre-Trial Conference on September 16, 1974 in the above-entitled court, before the Honorable A. Andrew Hauk, Judge Presiding;

And it appearing to the Court that the Claimant, Robin F. Garrett, is in default; that said Claimant was given due notice of the aforementioned Pre-Trial Conference but failed to appear at said conference either in person or by counsel; and that said Claimant has also violated Local Rule 9(e) of this Court:

And counsel for the plaintiff having moved in open court for summary judgment in favor of the plaintiff; and the Court having received in evidence in support of said motion the five magazines addressed to the Claimant in this action; and the Court having examined said magazines and being fully advised in the premises, now makes the following Findings Of Fact and Conclusions Of Law:

### FINDINGS OF FACT

1. By Notice Of Pre-Trial Conference Setting filed herein on June 13, 1974 the Claimant, Robin F. Garrett, was given due notice of the Pre-Trial Conference calendar in the above-captioned cause for September 16, 1974.

2. The Claimant failed to appear at the Pre-Trial Conference calendared for September 16, 1974 in the above-captioned cause, either in person or by counsel.

3. The Claimant failed to file a Memorandum Of Contentions Of Fact And Law, in violation of Local Rule 9 (e) of this Court.

4. During 1974 five magazines were imported into the United States addressed to R. F. Garrett, Space 221, 3101 Fairview, Santa Ana, California 92204. Said magazines were addressed in separate packets which have been received in evidence in this action as Plaintiff's Exhibits 1, 2, and 3.

5. Each of the magazines referred to in Finding Of Fact 4 was seized by duly authorized Customs Import Specialists at the United States Mail Facility, Los Angeles International Airport, within the jurisdiction of this Court.

6. Each of the magazines referred to in Finding Of Fact 4 is obscene.

7. A Partial Default Judgment was entered in this action on July 11, 1974 against all of the defendants except the five magazines addressed to R. F. Garrett in Seizures numbered 74–2704–12204–9, 74–2704–12204–12, and 74–27 04–12204–13.

### CONCLUSIONS OF LAW

1. The Claimant, having failed to appear at the Pre-Trial Conference and having failed to comply with Local Rule 9(e) of this Court, is in default.

2. Each of the magazines referred to in Finding Of Fact 4 is obscene under the standards laid down in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

3. Judgment should be entered herein ordering that all of the defendants, including the five magazines addressed to R. F. Garrett in Seizures numbered 74–2704–12204–9, 74–2704–12204–12, and 74–2704–12204–13, be condemned and forfeited to the United States of America; and that the United States Marshal destroy all of the defendants, including said five magazines addressed to R. F. Garrett, and make his return into court.

Let judgment be entered accordingly.